Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for the Plaintiff

FILED

09 DEC -9 AM 10: 30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 2747 BEN      BLM

| | |
|---|---|
| Seyed Kazerounian, <br><br> Plaintiff, <br><br> v. <br><br> North Shore Agency, Inc. and Sherman's Travel, <br><br> Defendants. | Case Number: <br><br> **Complaint For Damages** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

ORIGINAL

1  collection practices are not competitively disadvantaged, and to promote
2  consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system
4  and grantors of credit to consumers are dependent upon the collection of just
5  and owing debts and that unfair or deceptive collection practices undermine
6  the public confidence that is essential to the continued functioning of the
7  banking and credit system and sound extensions of credit to consumers. The
8  Legislature has further determined that there is a need to ensure that debt
9  collectors exercise this responsibility with fairness, honesty and due regard
10  for the debtor's rights and that debt collectors must be prohibited from
11  engaging in unfair or deceptive acts or practices.

12  3.  Seyed Kazerounian, (Plaintiff), through Plaintiff's attorneys, brings this action
13  to challenge the actions of North Shore Agency, Inc., ("Defendant North
14  Shore"), and Sherman's Travel ("Defendant Sherman") with regard to
15  attempts by Defendants to unlawfully and abusively collect a debt allegedly
16  owed by Plaintiff, and this conduct caused Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception
18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19  Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint
21  alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant
23  were knowing and intentional, and that Defendant did not maintain
24  procedures reasonably adapted to avoid any such violation.

25  //
26  //
27  //
28  //

**HYDE & SWIGART**
San Diego, California

**JURISDICTION AND VENUE**

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9.   Because Defendants do business within the State of California, personal jurisdiction is established.

10.   Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

11.   Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

12.   Defendant North Shore is located in the City of Melville, the County of Nassau, and the State of New York.

13.   Defendant Sherman's Travel is an entity of unknown formation operating from Boulder, Colorado.

14.   Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.   Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16.   Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendants conducted business within the State of California.

21. Sometime before August 1, 2009, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before August 1, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before August 1, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

HYDE & SWIGART
San Diego, California

26.   Sometime prior to August 7, 2009, Defendant Sherman contacted Plaintiff and demanded payment on an alleged debt concerning a magazine subscription.

27.   On August 7, 2009, Plaintiff attempted to find contact information for Defendant Sherman, to inform Defendant Sherman that Plaintiff did not incur this alleged debt, filed a police report as he was a victim of identity theft, and that Sherman was instructed to stop collecting on the disputed account. This was communicated to Sherman through an email.

28.   On or about September 24, 2009, Defendant Sherman sent, and Plaintiff received, a dunning letter from Defendant Sherman to Plaintiff. By sending this communication after Defendant Sheman was notified in writing that Defendant Sherman cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant Sherman violated 15 U.S.C. § 1692c(c). Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17.

29.   On or about October 21, 2009, Defendant Sherman sent, and Plaintiff received, a dunning letter from Defendant Sherman to Plaintiff. By sending this communication after Defendant Sheman was notified in writing that Defendant Sherman cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant Sherman violated 15 U.S.C. § 1692c(c). Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17.

30.   Despite having received written communication that Plaintiff did not incur the alleged debt and refused to pay, Defendant Sherman knowingly and willfully sent this disputed debt to a third party collection agency, North Shore Agency, Inc. Defendant North Shore then began to collect on behalf of Defendant

HYDE & SWIGART
San Diego, California

Sherman in light of Plaintiff's written request to stop all collection communications.

31. On or about December 3, 2009, Defendant North Shore sent, and Plaintiff received, a dunning letter from Defendant North Shore to Plaintiff. By sending this communication after Defendant Sherman was notified in writing that Defendant Sherman cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c), Defendant North Shore violated 15 U.S.C. § 1692c(c). Because this action violated the language in 15 U.S.C. § 1692c(c), Defendant North Shore also violated Cal. Civ. Code § 1788.17.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**AGAINST DEFENDANT NORTH SHORE**

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

//
//
//
//

**HYDE & SWIGART**
San Diego, California

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

### AGAINST ALL DEFENDANTS

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;
- An award of actual damages pursuant to California Civil Code § 1788.30(a) against each Defendant;
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) against each Defendant;

HYDE & SWIGART
San Diego, California

1    • An award of costs of litigation and reasonable attorney's fees, pursuant

2    to Cal. Civ. Code § 1788.30(c) against each Defendant.

3    38. Pursuant to the seventh amendment to the Constitution of the United States of

4    America, Plaintiff is entitled to, and demands, a trial by jury.

5    Date: _12/7/65_                                Hyde & Swigart

6

7                                                   By: _____

8                                                   Joshua B. Swigart
                                                    Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Seyed Kazerounian

**DEFENDANTS**
North Shore Agency, Inc. and Sherman's Travel,

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Nassau
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

09 DEC 9   AM 10: 30

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)

'09 CV 2747 BEN    BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  12/08/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  8111   AMOUNT  350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

α κ us  12/09/09

ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008111
Cashier ID: msweaney
Transaction Date: 12/09/2009
Payer Name: HYDE AND SWIGART ATTY AT LAW
---------------------------------
CIVIL FILING FEE
 For: KAZEROUNIAN V NORTH SHORE
 Case/Party: D-CAS-3-09-CV-002747-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 3578
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```